UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANET TUREAUD | CIVIL ACTION |
| VERSUS | |
| TIMOTHY B. KEPHART, SMITHWAY MOTOR XPRESS, INC., NATIONAL CASUALTY COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (in its capacity as uninsured/underinsured motorist carrier) | No. 09-7269<br><br>SECTION I |

## ORDER AND REASONS

Plaintiff, Janet Tureaud ("Tureaud"), has filed a motion to remand the above captioned case which defendant, National Casualty Company ("National Casualty"), opposes. For the following reasons, the motion for remand is **GRANTED.**

### *BACKGROUND*

On October 2, 2009, plaintiff initiated this action in Louisiana state court alleging that defendants, Timothy B. Kephart ("Kephart"), Smithway Motor Express, Inc. ("Smithway"), National Casualty, and State Farm Mutual Automobile Insurance Company ("State Farm"), are liable for damages to plaintiff who was involved in an auto accident with a truck driven by

Kephart.[1] Kephart is employed by Smithway[2] whose liability insurance carrier is National Casualty.[3]

Plaintiff also alleges that State Farm provided plaintiff a policy of uninsured/underinsured motorist coverage for her own vehicle.[4] State Farm filed an answer to plaintiff's petition in state court.[5] Thereafter, National Casualty removed the case to this Court on November 12, 2009 based on diversity jurisdiction.[6] In its notice of removal, National Casualty did not state that the other defendants joined in, or consented to, removal.[7]

In response to National Casualty's notice of removal, plaintiff filed a timely motion to remand with this Court on December 11, 2009.[8] First, plaintiff argues that not all defendants joined in the removal and, therefore, the removal notice is deficient. Second, plaintiff argues that even if all defendants had joined in the removal, State Farm waived any right to remove or

---

[1] R. Doc. No. 1-3, p. 2. Plaintiff claims that defendants are liable for past and future physical pain and suffering, past and future mental pain and suffering, medical expenses, rental expenses, loss of earnings, future loss of earning capacity, permanent disability to the body, and loss of consortium. R. Doc. No. 1-3, p. 1.

[2] R. Doc. No. 1-3, p. 3.

[3] *Id.*

[4] *Id.*

[5] R. Doc. No. 1-3, p. 5.

[6] R. Doc. No. 1.

[7] R. Doc. No. 1. All that National Casualty writes in the notice of removal with regard to State Farm is as follows: "Undersigned counsel represents National Casualty Company. Defendant, State Farm Mutual Automobile Insurance Company, is being represented by Jason L. Rush, and a copy of their answer is attached hereto." R. Doc. No. 1, para. 19.

[8] R. Doc. No. 4.

join in the removal by proceeding to defend the lawsuit in state court.[9] Because the Court finds that State Farm did not join in, or consent to, removal and that National Casualty's notice of removal is deficient, the Court will not address plaintiff's second argument.

*LAW AND ANALYSIS*

**I. Removal and Remand**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a lawsuit lies outside this limited jurisdiction until jurisdiction is established. *Id.* In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c).

"Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson*

---

[9]R. Doc. No. 4-1.

*Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

## II. The Rule of Unanimity and Nominal Parties

### A. Written Consent

28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

28 U.S.C. § 1446(a). The Fifth Circuit has interpreted § 1446(a) to require that "all then served properly joined defendants join in the removal petition." *Getty Oil*, 841 F.2d at 1262 n.9. The United States Court of Appeals for the Fifth Circuit explained in *Getty Oil*:

> This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Id.* at 1262 n.11. Accordingly, "[t]he 'rule of unanimity' requires that all then served defendants either join in the notice of removal or timely file written consent to removal into the record." *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612, at *6 (E.D. La. October 21, 2002) (Vance, J.).

### B. Nominal Party

The nominal party rule is an exception to the general principle that all defendants who are properly joined and served must join in the removal petition.[10] "'Nominal' or 'formal' parties need not join in the removal petition." *Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1970)(internal citations omitted). A nominal party is "neither necessary nor indispensable to join in the action."*Id.* (citing *Tri-Cities Newspapers, Inc.*, 427 F.2d 325, 327 (5th Cir. 1970)). If a removing defendant claims that a non-removing defendant is a nominal party, the removing party bears the burden of proving such. *See Badeaux v. Scott*, No. Civ. A. 98-0021, 1998 WL 246702, at *3 (E.D. La. May 13, 1998); *Williams v. City of New Orleans*, No. Civ. A. 96-1241, 1996 WL 363446, at *2 (E.D. La. June 28, 1996). "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is *no possibility* that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias*, 925 F.2d at 871 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549-50 (5th Cir. Unit A Dec. 1981)) (emphasis added).

---

[10]As the district court observed in *Jacob*, the Fifth Circuit in *Getty* left open the possibility that "exceptional circumstances" also might warrant a departure from the generally rigid rule of unanimity. *Jacob*, 2002 WL 31375612 at * 6 (citing *Getty*, 841 F.2d at 1263 n. 12). *Jacob* observed:
> [T]he Fifth Circuit has since identified only one such exceptional circumstance. *See Gillis v. Louisiana*, 294 F.2d 755 (5th Cir. 2002); *see also Prescott v. Memorial Medical Center*, 2000 WL 532035, *5 (E.D.Tex. 2000). In *Gillis*, the nonremoving defendant failed to timely file written consent into the record because consent could be authorized only at a board meeting, and a board meeting could not be scheduled within the thirty-day removal period because the chairman of the Board, who was also a plaintiff in the matter, had interposed scheduling conflicts. *Gillis*, 294, F.2d at 759.

*Id*. This case is easily distinguished from *Gillis,* as defendant has offered no excuse for State Farm's failure to timely file a written consent into the record.

Courts may examine "summary judgment type evidence" to aid in their determination of whether a non-removing party is only a nominal party. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n. 10 (5th Cir.) (*Badon I*), *op. after certified question declined*, 236 F.3d 282, 286 (5th Cir. 2000) (*Badon II*)).[11] In doing so, courts must consider all factual allegations in the light most favorable to plaintiffs and resolve all contested factual issues in favor of plaintiffs. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Courts do not decide whether a plaintiff will actually or probably prevail on the merits of his claim, but only whether it is possible for plaintiff to prevail. *Id.*

### III. Analysis

Because National Casualty removed this lawsuit to federal court, it bears the burden of establishing a basis for federal subject matter jurisdiction. When National Casualty filed its notice of removal, it failed to provide any evidence that its co-defendants joined or consented.[12] In addition, National Casualty did not claim in its notice of removal that an exception, such as the nominal party exception, applied to any of its co-defendants. State Farm did not join in

---

[11] As the district court in *Jacob* reasoned, "[a]lthough *Badon* involved a fraudulently-joined defendant – an in-state defendant joined to defeat diversity jurisdiction – the Court finds that the standard articulated by the *Badon* court applies with equal force to nominally-joined defendants. In both situations, the central inquiry is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." 2002 WL 31375612 at * 4 n. 2.

[12] In its notice of removal, National Casualty provided, "Undersigned counsel represents National Casualty Company. Defendant, State Farm Mutual Automobile Insurance Company, is being represented by Jason L. Rush, and a copy of their answer is attached hereto." The Court does not find this statement to be adequate evidence that State Farm joined in the removal because (1) the statement shows nothing that would lead the Court to believe State Farm consented to the removal, and (2) even if the statement did tend to show that State Farm consented to the removal, there is no evidence that State Farm authorized National Casualty to express its consent. *Getty Oil*, 841 F.2d at 1262 n.11.

National Casualty's notice of removal at the time it was filed and it has never filed a separate written consent to removal.

The law in this Circuit is clear that all defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Getty Oil,* 841 F.2d at 1262-63. Because State Farm did not join in the removal no later than thirty days after service of the first defendant and because State Farm has never filed any kind of written consent to removal, National Casualty's notice of removal is deficient and it violates the rule of unanimity.

As to whether State Farm is a nominal party, National Casualty asserts in its opposition that the liability limit of the policy it issued to Smithway is "far in excess of a sufficient amount of insurance for this claim" and "there is no viable claim against State Farm" as a result.[13] However, the Court notes that in its answer, National Casualty admits only that it "*may* have issued a policy of insurance to or on behalf of Smithway Motor Express, Inc., which was in full force and effect on the date referred to and which is *subject to all the terms, exclusions and limitations contained therein* . . . ."[14] National Casualty has not admitted or stipulated that its policy will cover plaintiff's claim in this case.

National Casualty cannot have it both ways. It may not argue on the one hand that plaintiff has no possible claim against State Farm because the limit of its own policy will clearly cover any damages to plaintiff, while arguing on the other that its policy may not cover plaintiff's claim at all. National Casualty has provided no evidence, other than the limits of its

---

[13]R. Doc. No. 6, p. 3.

[14]R. Doc. No. 3, p. 2 (emphasis added).

own policy, which is not persuasive, that tends to show that there is no possibility that plaintiff can recover from State Farm. If plaintiff is not able to recover from National Casualty for any reason, plaintiff may proceed against State Farm as plaintiff's uninsured motorist coverage carrier.[15] National Casualty, the removing party, has not met its burden to show that there is no possibility that plaintiff could recover against State Farm. Therefore, the Court finds that State Farm is not a nominal party for purposes of removal.

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and that the above captioned case shall be **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, March 24, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15]Plaintiff argues that State Farm is not a nominal party because (1) National Casualty has not stipulated that its policy will provide coverage for plaintiff's damages, and (2) plaintiff has a viable claim against State Farm for medical payments. R. Doc. No. 10, p. 6-7.